# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHAEL GONZALES,

        Petitioner,

vs.                                                     CIV NO. 05-1321 JB/ACT

JOE ROMERO, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Michael Gonzales' Petition for the Writ of Habeas Corpus. Petitioner filed his Petition on December 19, 2005, together with a Motion for the Appointment of Counsel. [Doc. Nos. 1 and 3]. Respondent filed an Answer, with accompanying Exhibits, on February 6, 2006, together with a Motion to Dismiss and a Memorandum in Support. [Doc. Nos. 9, 10 and 11]. Petitioner responded shortly thereafter. [Doc. No. 12]. Before this Court could address the Motion to Dismiss, Petitioner filed a Notice of Appeal with the Court of Appeals for the Tenth Circuit. The interlocutory appeal has been dismissed for lack of appellate jurisdiction. [Doc. Nos. 13 and 14].

      The District Court Judge, to whom this case has been assigned, entered an Order of Reference directing this Court to recommend an ultimate disposition of this case. [Doc. No. 7].

The United States Magistrate Judge, having reviewed the Petition, the Answer, the accompanying Exhibits, the Motion to Dismiss, Petitioner's Response, and the relevant law, recommends that the Petition for a Writ of Habeas Corpus be DENIED BECAUSE THE PETITION IS PROCEDURALLY DEFAULTED.  Having failed to fully appeal his sentence in the state courts below, the Petitioner is procedurally barred from bringing this Petition in federal court.

Petitioner has also moved for the appointment of counsel to represent him in these proceedings and has moved for an order granting Petitioner access to the tape recordings and transcripts of his sentencing hearing. [Doc. Nos. 3 and 8].  As further explained in this opinion, the United States Magistrate Judge recommends that both motions be DENIED.

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Sentence and Commitment of the Eleventh Judicial District Court, County of San Juan, State of New Mexico, in case No. CR-2004-0689-4. [Answer, Exhibit A].  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner entered a guilty plea on March 8, 2005, to Driving under the Influence of Intoxicating Liquor or Drugs (DWI), a third degree felony, and to Driving while License is Suspended or Revoked, a misdemeanor. [Answer, Exhibit A].  The sentencing court found that this 2005 DWI conviction was Petitioner's seventh DWI conviction.  The court made this finding based on six prior DWI convictions in the courts of New Mexico: one in 1985, one in 1987, one in 1991, one in 1995, one in 1997, and one in 2002. [Answer, Exhibit A].

3. Petitioner was sentenced to three years incarceration on the DWI count and 364 days incarceration on the misdemeanor count, both sentences to be served concurrently, followed by two years of parole. The sentence was imposed on March 8, 2005, and entered of record on March 29, 2005. [Answer, Exhibit A].

4. On September 23, 2005, Petitioner filed a Petition for a Writ of Habeas Corpus in the Eleventh Judicial District Court, County of San Juan, State of New Mexico. [Answer, Exhibit B]. Petitioner raised three claims: 1) that the DWI statute under which he was sentenced, NMSA 1978 §66-8-102 (amended 2003), violated the ex post facto prohibition of the United States Constitution and the New Mexico Constitution; 2) that his due process rights were violated; and 3) that he was denied effective assistance of counsel because his appointed counsel failed to file an appeal.

5. On October 4, 2005, the sentencing judge, New Mexico District Court Judge John A. Dean, denied the Petition finding that the Petitioner was not entitled to relief as a matter of law. [Answer, Exhibit C].

6. Petitioner filed two Motions for Clarification after this denial of his Petition. Both Motions were filed on October 14, 2005, and argued the same legal points as the Petition.

7. Petitioner then filed a Petition for a Writ of Certiorari to the Supreme Court of the State of New Mexico. The Petition was mailed on November 8, 2005, and was received by the Court on November 18, 2005. [Answer, Exhibit F].

8. The Clerk of the Supreme Court of New Mexico did not accept the Petition for filing because it was late and returned it to the Petitioner stating, "A petition for Writ of Certiorari to the district court must be filed on or before the 30th day after the district court filed its decision.

In your case, the petition should have been filed on or before November 4, 2005. Our rules will not allow us to accept a petition for writ of certiorari that is late for any reason. Your petition is being returned." [Answer, Exhibit F].

    9. Petitioner filed a Motion to Vacate the Remainder of an Illegal Sentence with the Eleventh Judicial District Court, County of San Juan, State of New Mexico, on January 5, 2006, raising the argument that his sentence violated the Fourteenth Amendment of the Constitution of the United States. The facts supporting this argument were the same facts Petition had raised in his previous argument - that the Court should not be able to use his DWI convictions from 1985, 1987 and 1991 when determining how many previous DWI convictions Petitioner had. [Answer, Exhibit G]. The Record does not reflect whether this motion was ruled upon.

    10. Petitioner filed his Application for a Writ of Habeas Corpus in federal court on December 19, 2005. Petition raised the same three arguments that he raised in his state Petition: 1) that the DWI statute under which he was sentenced, NMSA 1978 §66-8-102 (amended 2003), violated the ex post facto provision of the Constitution; 2) that his due process rights were violated; and 3) that he was denied effective assistance of counsel because his appointed counsel failed to file an appeal. [Doc. No. 1]. Petitioner supported his arguments with the same facts and the same paper evidence that he had attached to his petitions in state district court and his writ of certiorari to the New Mexico Supreme Court.

    11. Respondents moved to dismiss arguing that the Petition is barred because Petitioner failed to fully exhaust his remedies in the state courts below. [Doc. Nos. 9 and 10]. Petitioner responded admitting that he had filed the writ of certiorari to the New Mexico Supreme Court late but asked for leniency because he is not an attorney and does not have "legal access in which

to research laws." [Doc. No. 12].

### PETITIONER'S WRIT IS BARRED BECAUSE PETITIONER FAILED TO EXHAUST HIS REMEDIES IN STATE COURT

12. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that an application for the Writ of Habeas Corpus for a person in custody pursuant to a judgment of a State court will not be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254 (B)(I).

13. The doctrine of the exhaustion of state remedies requires that a state prisoner who seeks a petition for the Writ of Habeas Corpus in federal court first adequately present his claims to the state courts below. The purpose of the exhaustion requirement is to allow the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal courts. Vasquez v. Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Connor, 404 U.S. 270, 275-76 (1971).

14. Petitioner failed to exhaust his state remedies with regard to the claims presented in this federal petition because he failed to timely file his petition for a writ of certiorari to the Supreme Court of New Mexico after the state district court denied his Petition for the Writ of Habeas Corpus.

15. In state habeas corpus cases the rule determining the deadline for filing a petition for the writ of certiorari is written in mandatory language. "Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." NMRA 12-501(B). The date of filing is the day upon which the court receives the petition. Id.

16. This rule is a state procedural rule on which the New Mexico Supreme Court clearly and unambiguously relied in rejecting Petitioner's writ of certiorari. [Answer, Exhibit F].

17. Federal courts do not ordinarily review habeas corpus issues that have been defaulted in state court on an independent and adequate state procedural ground. English v. Cody, 146 F. 3d 1257, 1259 (10th Cir. 1998). A state procedural ground is independent if it relies on state law rather than federal law. Id. The procedural ground that bars this petition is based on a specific state appellate rule that governs the time of filing reviews of denials of habeas corpus petitions. NMRA 12-501(B).

18. A state procedural ground is adequate if it is applied evenhandedly in the majority of cases. Id. In New Mexico, the state appellate courts consistently and uniformly adhere to the Rules of Appellate Procedure when determining when a Petition is filed and particularly adhere to Rule 12-501 regarding petitions for the writs of issuance of certiorari seeking review of denials of habeas corpus petitions. See, NMRA 12-501. The Court finds that the state procedural ground is adequate. Accord, Maes v. Thomas, 46 F.3d 979, 986 (10th Cir. 1995).

19. Federal habeas review of Petitioner's claims is therefore barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Watson v. State of New Mexico, 45 F.3d 385, 388 (10th Cir. 1995), quoting Coleman v. Thompson, 501 US 722, 750 (1991).

20. Cause must be some external factor that impeded Petitioner's ability to comply with New Mexico's procedural rules. Basic ignorance of the law or rules is not an external factor. Watson, supra, at 388. The Court finds that Petitioner has not demonstrated cause. Petitioner

6

argues that he is not an attorney and did not have access to research the relevant laws. But Petitioner obviously had some access to legal resources and the ability to file his own pleadings. The Court finds that Petitioner's argument is no more than an "ignorance of the law" argument which does not amount to cause and prejudice as defined by the case law. Dulin v. Cook, 957 F.2d 758, 760 (10th Cir. 1992).

21. Lastly, the Court finds that the failure to consider Petitioner's claims raised in his federal petition for habeas corpus will not result in a fundamental miscarriage of justice.

a. Petitioner's claim that he received ineffective assistance of counsel is not supported by the record or his arguments. Petitioner fails to allege facts that establish either that his attorney failed to exercise the customary skill and diligence of a reasonable attorney in similar circumstances or that he was materially prejudiced by the alleged failures of his attorney. Strickland v. Washington, 466 U.S. 668, 687-691 (1984). Petitioner pled guilty pursuant to a plea bargain and there are no facts in the record on which his attorney could bring an appeal.

b. Petitioner has not established that he was denied his due process rights in either his plea agreement or his sentencing hearing. Petitioner was represented at all relevant times by appointed counsel. Petitioner was also given notice that his six previous DWI convictions, including the ones from 1985, 1986 and 1991, would be used to determine the degree of felony DWI he had committed and the appropriate sentence for the DWI to which he was pleading. Petitioner was also aware at the time he committed the DWI on May 21, 2004, the one for which he is currently incarcerated, that the New Mexico DWI statute authorized a third degree felony conviction and a three year sentence for a seventh DWI because he had already committed and been convicted of six previous DWI's. State v. Smith, 2004-NMSC-032 ¶31, 136 NM 372, 98 P. 3d 1022.

Petitioner cannot argue that he did not receive adequate notice that should he choose to commit a seventh DWI that the sentencing provisions of the recidivist DWI statute would be used to enhance his resulting prison sentence.

    c. Petitioner's argument that the New Mexico DWI statute violates the ex post facto provision of the United States Constitution is clearly without merit. The New Mexico courts have interpreted the DWI statute and its sentencing provisions as a statute with a recidivist sentencing provision, designed by the New Mexico legislature to discourage repeat DWI offenders. State v. Anaya, 123 N.M. 14, 933 P.2d 223 (1996). A recidivist sentencing provision does not offend the ex post facto provision of the United States Constitution. Kansas v. Hendricks, 521 U.S. 346, 370-371, 395 (1997).

### PETITIONER'S MOTION FOR THE PRODUCTION OF COURT RECORDS

    22. Petitioner also moved for an order granting him access to the tape recordings and transcripts of his sentencing hearing. [Doc. No. 8]. Having found that the Petition is barred on an independent and adequate procedural ground, the Court finds that there is no need for either the tape recordings or the transcripts of the sentencing hearing. The Court recommends that the Petitioner's Motion for Production be DENIED.

### REQUEST FOR APPOINTMENT OF COUNSEL

    23. Petitioner has also requested that the Court appoint him counsel. [Doc. No. 3].

    24. The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the

litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F. 2d 994, 996 (10th Cir. 1991)).

25. Petitioner has represented himself during his habeas corpus proceedings in both state and federal court and has been able to reasonably present his claims to the Court in this Petition for the Writ of Habeas Corpus.

26. The Court has reviewed the Petition and recommends that the Petition for the Writ of Habeas Corpus be denied as procedurally defaulted for failure to exhaust state remedies. The assistance of counsel for the Petitioner would not have materially altered the analysis of the Court or altered its recommendation.

27. The Court finds that the Petitioner has been able to present his case adequately without benefit of counsel and that the appointment of counsel for the Petitioner would not have assisted the Court. Therefore the Court recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

## CONCLUSION AND RECOMMENDED DISPOSITION

The claims presented by Petitioner were addressed on the merits by the state district court and denied. The Petitioner failed to timely appeal this denial to the Supreme Court of New Mexico. Petitioner failed to exhaust his state remedies and his Petition is barred by the AEDPA.

Petitioner has not demonstrated cause for his failure to exhaust his state remedies or actual prejudice as a result of the alleged violation of federal law. Nor has Petitioner demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice.

IT IS HEREBY RECOMMENDED that the Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED WITH PREJUDICE as procedurally defaulted and that Respondent's Motion to Dismiss the Petitioner's Application be GRANTED. The Court recommends that Petitioner's Motion for the Production of State Court Records be DENIED because the records are unnecessary for the Court's decision. The Court also recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE